UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CONRAD RICHARD                                CIVIL ACTION

VERSUS                                        NO: 07-9225

EASTERN LOUISIANA MENTAL HEALTH               SECTION: R(4)
SYSTEM, FORENSIC DIVISION, ET AL.

**ORDER**

Before the Court are Conrad Richard's Petition for a Writ of Habeas Corpus and his objections[1] to the Magistrate Judge's Report and Recommendation that the petition be dismissed without prejudice.[2] The Court, having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections thereto, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."[3] A court may issue a certificate of appealability only if the petitioner makes "a substantial showing

---

[1] R. Doc. 38.

[2] R. Doc. 37.

[3] Rules Governing Section 2254 Proceedings, Rule 11(a).

of the denial of a constitutional right."[4]  In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"[5]  With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[6]

Here, Richard has not made a substantial showing of the denial of a constitutional right.  Further, jurists of reason would not find controversy in the determination that Richard has failed to exhaust his state court remedies.

---

[4] 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).

[5] 537 U.S. at 336.

[6] *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

Gerald Stoves's petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.  The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __20th__ day of January, 2011.

*Sarah Vance*

**SARAH S. VANCE**
**UNITED STATES DISTRICT JUDGE**